FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 1 5 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 08-CR-0696 (JBW) |
| v. | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| SERGIO GOULART MEDEIROS, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On December 29, 2008, Sergio Goulart Medeiros pled guilty to a single count indictment, which charged that on August 13, 2008, the defendant, an alien who had been deported from the United States after a conviction for the commission of an aggravated felony, was found in the United States, without the Secretary of Homeland Security of the United States having expressly consented to such alien's applying for admission, in violation of 8 U.S.C § 1326(a).

Medeiros was sentenced on May 12, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-one and defendant's criminal history category to be five, yielding a guidelines range of imprisonment of between seventy and eighty-seven months. The offense carried a maximum term of imprisonment of twenty years. See 8 U.S.C. § 1326(b)(2). The guidelines range of fine was from $7,500 to $75,000. The offense carried a maximum fine of $250,000. See 18 U.S.C. § 3571(b)(3).

Medeiros was sentenced to twenty-four months of incarceration and three years supervised release. A $100 special assessment was imposed per 18 U.S.C. § 3013. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure

that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). Important considerations include the defendant's good work history, his college education and intelligence, and his support of his family. He has been caring for his wife, who suffers from a serious health condition. A sentence of twenty-four months incarceration reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that illegal re-entry after deportation will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation of the defendant. He will likely face deportation after serving his sentence and it is unlikely that he will attempt to re-enter in light of his family circumstances.

							_____
							Jack B. Weinstein
							Senior United States District Judge

Dated: June 18, 2009
       Brooklyn, New York

3